IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNIFER RAY MUMPHREY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv852 |
| GREGG COUNTY DISTRICT ATTORNEY | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Johnifer Mumphrey, proceeding *pro se*, filed this pre-trial application for the writ of habeas corpus challenging the legality of his confinement and seeking release from this confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mumphrey asserts that the Gregg County District Attorney's office has indicted him on a "non-existent crime" and is continuing to hold him in jail, even though the alleged victim swore out a statement saying that she actually tripped on an air vent and hurt herself. She told the police she did not want to press assault charges but the District Attorney's office refuses to release him or dismiss the charges. Mumphrey asks for an evidentiary hearing and requests that the Court order him released from jail.

After review of the pleadings, the magistrate judge issued a report stating that under Fifth Circuit case law, federal courts should abstain from the exercise of pre-trial habeas corpus jurisdiction if the issues raised in the petition may be resolved by trial on the merits in state court or by other state procedures available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 223 (5th Cir. 1987). Mumphrey made no showing that he had exhausted his state remedies and a review of

the online Gregg County judicial records reveals no indication on Mumphrey's criminal docket sheet that he has presented his claims to the highest court for the State of Texas. The magistrate judge therefore recommended that Mumphrey's petition be dismissed without prejudice.

A copy of the magistrate judge's report was sent to Mumphrey at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the report of the magistrate judge. Upon such review, the Court has determined that the report of the magistrate judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the report of the magistrate judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Petitioner Johnifer Mumphrey is DENIED a certificate of appealability *sua sponte*. The denial of a certificate of appealability applies only to an appeal of this habeas corpus petition and shall have no effect upon Mumphrey's right to present his claims to the State of Texas in his pending criminal case or his right to seek state or federal review in the event of a conviction. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 20th day of October, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE